UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell L. Goss, Sr., #305517, ) | Civil Action No. 2:20-4133-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden Brian Kendell, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Darrell L. Goss, Sr., ("Petitioner"), an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). In the Report, Magistrate Judge Baker recommends that the Court summarily dismiss Goss's 2254 petition, without prejudice and without requiring Warden Brian Kendell ("Warden") to file a return because Petitioner failed to exhaust all available state-court remedies. (ECF No. 17.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

**BACKGROUND**

Magistrate Judge Baker issued the Report on March 10, 2021. (ECF No. 17.) On April 5, 2021, after requesting an extension of time to file objections (ECF No. 20) and

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

1

such request having been denied (ECF No. 21), Petitioner filed late objections to the Report. (ECF No. 25.) The matter is ripe for consideration and the Court now issues the following ruling.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

As noted above, Petitioner filed late objections to the Magistrate Judge's Report, which the Court has considered *de novo* in an abundance of caution. However, Petitioner's objections, although verbose, provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. Instead, they generally consist of arguments that the Magistrate Judge has already considered and rejected. Because the

court agrees with the Magistrate Judge's analysis on these issues, it need not repeat the discussion here. Suffice it to say, Petitioner has not demonstrated any error in the Magistrate Judge's Report. For these reasons, the Court overrules the Petitioner's objections.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's Report herein.  It is therefore ORDERED that Petitioner's § 2254 petition is DISMISSED *without prejudice*. It is further ordered that Petitioner's motion for relief from the Court's April 6, 2021 Text Order denying Petitioner's motion for reconsideration (ECF No. 28) is DENIED as moot.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for

the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

    IT IS SO ORDERED.

/s/Bruce Howe Hendricks<br>United States District Judge

March 17, 2020  
Charleston, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

    The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.